**Marjorie M. Breault v. Department of Social Welfare**

[369 A.2d 1377]

No. 339-75

Present: **Barney, C.J., Daley, Larrow, Billings, and Hill, JJ.**

Opinion Filed February 1, 1977

*Marjorie M. Breault, pro se,* Newport, for Plaintiff.

*M. Jerome Diamond,* Attorney General, and *David H. Greenberg,* Assistant Attorney General, Montpelier, for Defendant.

**Barney, C.J.** This appeal seeks a review of a fair hearing before the Human Services Board. The issue is the plaintiff's eligibility for Medicaid. She was denied relief by the Board and appeals pro se. Two issues are presented. The first is that, because of the financial circumstances of the plaintiff and her unemployed husband, she is entitled to participate in the Medical Assistance program.

The Vermont program defines two categories of eligible individuals for Medicaid. First are those persons receiving assistance from certain enumerated programs: Aid to Needy

Families with Children, State Aid to the Aged, Blind and Disabled, Supplemental Security Income or Supplemental Security Income/Aid to the Aged, Blind and Disabled. The plaintiff is not receiving aid from any of these programs.

The second category consists of persons over sixty-five, or blind or disabled. Since the plaintiff is only forty-four, and is not blind, she could only be eligible under the disability provision. She and her husband do meet any financial tests for the Medicaid program. In fact, their financial situation may even qualify them for the general assistance program for help with the medical bills.

However, the evidence satisfied the Board that the plaintiff was not disabled. In view of the evidence and the findings, we must affirm the determination. There is no question but what the plaintiff has health problems, including diabetes mellitus and obesity. But she is not disabled, nor does she regard herself so. She performs all of her usual housekeeping activities and feels capable of working as a waitress, a nurse's aide or of doing light factory work. The denial of disability is supportable.

█ Her basic claim is that, since she and her husband are both unemployed and cannot pay their medical bills, she should qualify for aid on that basis alone. Two of the members of the hearing panel agreed with that position, but the policy of the Board, derived from the Social Security Act, restricted the program to the blind and disabled in this group. However appealing her case may be, it is governed by the relevant statutes and regulations, and the Board's position must be sustained.

█ The plaintiff also contends that she was denied a fair hearing because only five of the seven Board members sat. She alleges that, since two of the five voted in favor of her claim, the possibility that the remaining two might also have so voted is enough to require a new hearing.

The regulations of the Board state only a majority of the Board is necessary to hear an appeal from the Department's determination. There is nothing improper in this regulation, and it was complied with. Its decision was validly made and must stand.

*The order of the Human Services Board is affirmed.*